E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-05844-S6**
9/2/2020 3:30 PM

*Clerk of State Court*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Bobert Smith, as the Natural Guardian and Next Friend of Minor, Riley Smith

**PLAINTIFF**

CIVIL ACTION NUMBER: **20-C-05844-S6**

VS.

Schneider National Carriers, Inc. and Tacarrus Nash

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

L. Chris Stewart
Stewart Miller Simmons Trial Attorneys
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Ga 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **2ND** day of **SEPTEMBER**, 20**20**.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011


EXHIBIT A

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
20-C-05844-S6
9/2/2020 3:30 PM

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ROBERT SMITH, as the Natural Guardian and Next Friend of Minor, RILEY SMITH, ) ) ) ) Plaintiff, ) ) vs. ) ) SCHNEIDER NATIONAL CARRIERS, ) INC. and TACARRUS NASH, ) ) Defendants. ) | CIVIL ACTION FILE NO. 20-C-05844-S6 JURY TRIAL DEMANDED |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Robert Smith, in his capacity as the natural guardian and next friend of minor, Riley Smith, and files this Complaint for Damages, showing the Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Robert Smith is a resident of the State of Georgia.

2.

Defendant Schneider National Carriers, Inc., is a domestic profit corporation authorized to transact business in the State of Georgia. Defendant Schneider National Carriers, Inc. is subject to the jurisdiction of this Court and may be served with a summons and a copy of the Complaint through its registered agent for service of process, CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

3.

Defendant Tacarrus Nash is a citizen and resident of the State of Alabama, whose last known address is 4304 Liztame Drive, Montgomery, Alabama 36106. Defendant

Tacarrus Nash is subject to this Court's jurisdiction pursuant to the Georgia Long-Arm Statute, O.C.G.A. § 9-10-93.

4.

This Court may exercise jurisdiction over the subject matter of this action. Moreover, venue as to each of the Defendants is properly laid in this Court.

## FACTS

5.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated herein verbatim.

6.

On March 29, 2019, Jelisha Dawson was driving her vehicle east bound on Interstate 20 in DeKalb County, Georgia.

7.

At that time and place, Defendant Tacarrus Nash was also traveling eastbound on Interstate 20 in DeKalb County, Georgia as he operated a 2020 Freightliner TT owned by Defendant Schneider National Carriers, Inc.

8.

Defendant Tacarrus Nash was traveling in the same lane of travel as Jelisha Dawson.

9.

As both vehicles continued to traveling on the highway, Jelisha Dawson was involved in a single car accident, which left her vehicle inoperable, causing it to remain partially in the far right lane.

10.

Defendant Tacarrus Nash failed to operate his vehicle with reasonable care and collided with the front passenger side of Ms. Dawson's vehicle.

11.

As a result of this collision, Jelisha Dawson died at the scene of the accident.

12.

The vehicle in which Defendant Tacarrus Nash was driving was owned and/or controlled by Defendant Schneider National Carriers, Inc., and was driven by Defendant Tacarrus Nash within the scope of Defendant Nash's employment with Defendant Schneider National Carriers, Inc., and with Defendant Schneider National Carriers, Inc.'s express and/or implied permission, authorization, and acquiescence.

13.

At all relevant times, Defendant Nash was an employee, agent, or apparent agent of Defendant Schneider National Carriers, Inc.

14.

Defendant Nash was at all times acting within the scope of his employment while driving Defendant Schneider National Carriers, Inc.'s vehicle.

**COUNT ONE: NEGLIGENCE OF DEFENDANT TACARRUS NASH**

15.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 14 above as if they were fully restated herein verbatim.

16.

At all relevant times, Defendant Tacarrus Nash owed certain duties to Plaintiff's decedent, Jelisha Dawson. Notwithstanding those duties, Defendant Nash did violate them in the following particulars:

a. In following too closely in violation of O.C.G.A. § 40-6-49;

b. In driving his vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

c. In driving his vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

d. In failing to maintain a reasonable and prudent speed in violation of O.C.G.A. § 40-6-180; and,

e. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

17.

Defendant Tacarrus Nash's violations of the aforementioned duties of care constitute negligence and negligence *per se*.

18.

Defendant Schneider National Carriers, Inc. is also liable to Plaintiff for Defendant Nash's actions under a theory of *respondeat superior* and for the negligent acts of entrusting Defendant Nash with the vehicle and failing to properly supervise Defendant Nash concerning the use and operation of the vehicle.

19.

As a direct and proximate result of these breaches of duty by Defendants Tacarrus Nash and Schneider National Carriers, Inc., Plaintiff's decedent, Jelisha Dawson, is now deceased. Prior to her death, Plaintiff's decedent experienced extreme shock and fright as well as physical, mental and emotional pain and suffering.

20.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. That the Court award and enter a judgment in favor of Plaintiff and against Defendants for compensatory damages in an amount to be proven at trial;

4. That Plaintiff have a trial by a jury as to all issues; and,

That Plaintiff has such other and further relief as the Court may deem just and proper.

This 2nd day of September, 2020.

Respectfully submitted,

**STEWART MILLER SIMMONS
TRIAL ATTORNEYS**

*/s/L. Chris Stewart*
L. Chris Stewart
Georgia Bar No. 142289
Daedrea D. Fenwick
Georgia Bar No. 543954

*Attorneys for Plaintiff*

55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308
844-874-2500 phone
cstewart@smstrial.com
dfenwick@smstrial.com